IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles W. Lister,  Case No. 3:11 CV 2736

Plaintiff,  MEMORANDUM OPINION
AND ORDER

-vs-  JUDGE JACK ZOUHARY

John Coleman, et al.,

Defendants.

*Pro se* Plaintiff Charles Lister filed this action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction Director Gary Mohr, Allen Correctional Institution ("ACI") Warden John Coleman, ACI Chaplain Kenneth Bozeman, Kevin Jones, Wanza Jackson, and Sheila McNamara. Plaintiff alleges Defendants violated his right to practice his religion and denied him medical treatment because of his religious beliefs and customs. He seeks injunctive and monetary relief.

Plaintiff also filed a Motion to Proceed *In Forma Pauperis* (Doc. 2). That Motion is granted.

**BACKGROUND**

The Complaint contains very few factual allegations. Plaintiff, incarcerated at ACI, alleges he filed a religious accommodation request to "practice his religion as a Native American Indian" and purchase religious items (Doc. No. 1 at 4). Plaintiff asserts this request was approved in part and denied in part, but does not provide any further information about ACI's response.

Plaintiff claims he is being denied the right to practice his religion and purchase religious materials. He claims he is a potential cancer patient and is being denied medical treatment because of his religious beliefs. He further asserts he has been punished and denied attorney and family visits because of his religion (Doc. 1 at 4–5). Plaintiff alleges violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. He seeks injunctive relief and $3.5 million dollars in damages from Defendants in their individual capacities.

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court shall dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997).

A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. While Plaintiff is not required to include detailed factual allegations, he must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl. Corp.*, 550 U.S. at 555). A pleading offering legal conclusions or a simple recitation of the elements of a cause of action will not meet this standard. *Id*. In reviewing a complaint, the court must construe the

pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

### Plaintiff Has Not Sufficiently Alleged Violations of His First Amendment Rights

Plaintiff first alleges prison officials violated his First Amendment right to freely exercise his religion. The First Amendment, which applies to the states through the Fourteenth Amendment, see *Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940), states: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." However, because incarceration necessarily places limits on an inmate's freedoms, a delicate balance exists between prisoners' constitutional rights and legitimate security concerns of prison administrators. *In O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). While inmates retain First Amendment protections -- including freedom of religion -- prison administrators are given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

In evaluating a free exercise of religion claim, this Court must determine if the prison's action "substantially burdened" Plaintiff's sincerely-held religious beliefs. *Flagner v. Wilkinson*, 241 F.3d 475, 481 (6th Cir. 2001). A "substantial burden" must be more than an incidental effect on one's religious exercise. *See Lyng v. Northwest Indian Cemetary Protective Ass'n*, 485 U.S. 439, 450 (1988) (finding government's timber harvesting on land used for religious purposes was not a substantial burden). The prison's policy must place significant pressure on an inmate to modify his behavior and violate his religious beliefs. *Id*. If the policy does not "substantially burden" a sincerely-held tenet of Plaintiff's religion, the claim must be dismissed.

3

Moreover, even if a policy places a substantial burden on Plaintiff's religion, the policy will be upheld as long as it is "reasonably related" to a legitimate penological interest. *Turner v. Safley*, 482 U.S. 78, 89 (1987). Because prison administrators are given deference, prisoners are not automatically entitled to the best possible means of exercising their religion. *Weinberger v. Grimes*, 2009 WL 331632 at *4 (6th Cir. 2009).

Plaintiff fails to allege any facts suggesting Defendants are placing a substantial burden on his religious beliefs. While he identifies himself as a Native American Indian, Plaintiff does not allege any facts regarding either the nature of his religious beliefs or the religious items he has been prevented from purchasing. Moreover, Plaintiff does not identify a sincerely-held tenet of his religion or explain how it has been substantially burdened by Defendants.

To meet the pleading requirements of Federal Civil Rule 8, Plaintiff must allege enough facts to raise his right to relief above the speculative level assuming all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. In other words, Plaintiff must include more than labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id*. Plaintiff does not do so.

**Plaintiff Has Not Sufficiently Alleged A Violation of the Eighth Amendment**

Plaintiff also claims Defendants violated his Eighth Amendment rights. However, as with his First Amendment claim, Plaintiff fails to allege sufficient facts to rise above the level of mere speculation.

The Eighth Amendment embodies "broad and idealistic concepts of dignity, civilized standards, humanity and decency," against which courts must evaluate penal measures. *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). In *Wilson v. Seiter*, the Supreme Court set forth a framework for determining whether certain conditions of confinement constitute "cruel and unusual punishment"

4

prohibited by the Eighth Amendment. 501 U.S. 294, 298 (1991). First, Plaintiff must plead facts which, if true, establish a sufficiently serious deprivation occurred. *Id.* Seriousness is measured objectively, in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle*, 429 U.S. at 103). Second, Plaintiff must establish a subjective element: he must demonstrate prison officials acted with a culpable mental state. *Hudson*, 503 U.S. at 9. Routine discomforts of prison life do not suffice. *Id.* Only "deliberate indifference" to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* "Deliberate indifference" is characterized by obduracy or wantonness -- it cannot be predicated on negligence, inadvertence, or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In the present case, Plaintiff fails to allege facts to support either the objective or subjective elements of his Eighth Amendment claim. Plaintiff alleges he "is a potential cancer patient and is being denied Medical treatment, denied Attorney Visits, denied Family visits, because of his religious beliefs" (Doc. 1 at 4–5). No further factual information is provided. Plaintiff does not allege the nature of his illness, or any actions by Defendants regarding the denial of medical treatment. Even liberally construed, the Complaint is insufficient to suggest a serious deprivation has occurred, or that Defendants acted with deliberate indifference to Plaintiff's serious medical needs. *See Iqbal*, 129 S. Ct. at 1949–50 (finding that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do'").

**Plaintiff Has Failed to Sufficiently Allege Violations of His Due Process Rights**

Lastly, Plaintiff alleges violations of his due process rights. The Fifth Amendment provides that "no person shall be deprived of life, liberty or property, without due process of law." U.S. CONST. AMEND. V. In addition to setting the procedural minimum for deprivations of life, liberty or property, the Due Process Clause bars "certain governmental actions regardless of the fairness of the procedures used to implement them." *Daniels v. Williams*, 474 U.S. 327, 331 (1986). It does not prohibit every deprivation by the government of a person's life, liberty or property. *Harris v. City of Akron*, 20 F.3d 1396, 1401 (6th Cir. 1994). Only those deprivations which are conducted without due process are subject to suit. *Id*.

The Due Process Clause has a procedural component and a substantive one. As the Sixth Circuit explained in *Howard v. Grinage*, "substantive due process prohibits the government's abuse of power or its use for the purpose of oppression, and procedural due process prohibits arbitrary and unfair deprivations of protected life, liberty, or property interests without procedural safeguards." 82 F.3d 1343, 1350 (6th Cir. 1996).

Plaintiff has failed to allege facts to support either a procedural or substantive due process violation. To establish a procedural due process violation, Plaintiff must show that a liberty or property interest is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Thus, procedural due process analysis involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient." *Ky. Dep't of Corrs. v. Thompson*, 490 U.S. 454, 460 (1989). In other words, "the question of what process is due is relevant only if the inmate establishes a constitutionally protected interest." *Pickelhaupt v. Jackson*, 2010 WL 395929 at *2 (6th Cir. 2010).

6

Plaintiff has not identified a constitutionally protected liberty or property interest. He claims generally he "is being punished" and his "conduct report is being tarnished" (Doc. No. 1 at 4). However, Plaintiff fails to explain how or why he is being punished, and fails to allege how Defendants' actions relate to his claim. Similarly, while Plaintiff asserts he has been denied attorney and family visits, he does not allege Defendants' involvement. Plaintiff fails to allege sufficient facts to support a procedural due process claim.

Plaintiff also fails to state a substantive due process claim. Under the doctrine of substantive due process, various portions of the Bill of Rights have been incorporated into the Fourteenth Amendment's limits on the power of the states as being "implicit in the concept of ordered liberty." *Palko v. Connecticut*, 302 U.S. 319, 325 (1937). Due process claims of this nature involve official acts which cause a deprivation of a substantive right specified in the Constitution or a federal statute. *Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993). In addition, under substantive due process, courts have invalidated laws or actions of government officials that shock the conscience. *United States v. Salerno*, 481 U.S. 739, 746 (1987). These actions are unconstitutional regardless of the procedural protections provided. *Parate v. Isibor*, 868 F.2d 821, 832 (6th Cir. 1989). A citizen, however, does not suffer a constitutional deprivation every time he is subjected to some form of harassment by a government agency. *Id.* at 833. The conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.*

Plaintiff's substantive due process claim is based on the allegation that Defendants' failure to allow him to practice his religion and denial of medical care was so severe that it "shocks the conscience." This claim is based on the same facts as Plaintiff's First and Eighth Amendment claims. Where a specific Amendment provides an explicit source of constitutional protection against

7

a particular sort of governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *See Graham v. Connor*, 490 U.S. 386, 395 (1989).

This Court has already considered Plaintiff's free exercise and denial of medical care claims in the context of the First and Eighth Amendments. Plaintiff's substantive due process claims are dismissed.

## CONCLUSION

For the above reasons, this action is dismissed under 28 U.S.C. §1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

        s/ *Jack Zouhary*
    JACK ZOUHARY
    U. S. DISTRICT JUDGE

February 6, 2012