IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Charles W. Lister,                                    Case No. 3:11 CV 2736

            Plaintiff,                    MEMORANDUM OPINION
                                                      AND ORDER
    -vs-
                                                      JUDGE JACK ZOUHARY
John Coleman, et al.,

            Defendants.

This matter is before the Court upon *pro se* Plaintiff Charles Lister's Motion in Opposition to Court's Order to Dismiss Civil Case (Doc. 6). For the following reasons, Plaintiff's Motion is denied.

## BACKGROUND

Plaintiff is a state prisoner, incarcerated at Allen Correctional Institute ("ACI") in Lima, Ohio. He filed a Complaint on December 16, 2011 against Ohio Department of Rehabilitation & Correction ("ODRC") Director Gary Mohr, ACI Warden John Coleman, ACI Chaplain Kenneth Bozeman, Kevin Jones, Wanza Jackson, and Sheila McNamara.

The Complaint alleged Defendants had partially rejected Plaintiff's request to "practice his religion as a Native American Indian" and purchase unspecified religious items (Doc. 1 at 4). Plaintiff further claimed Defendants denied him access to medical treatment because of his religious beliefs. He asserted he was punished and denied attorney and family visits because of his religion (Doc. 1 at 4–5). Plaintiff alleged violations of the First, Fourth, Fifth, Eighth and Fourteenth Amendments, and sought injunctive and monetary relief.

This Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e) because Plaintiff failed to sufficiently allege his constitutional rights had been violated (Doc. 4). With respect to Plaintiff's First Amendment claim, this Court found Plaintiff failed to allege facts identifying the nature of his religious beliefs, the religious items he wished to purchase, or actions by Defendants that placed a substantial burden on his religious beliefs (Doc. 4 at 4). This Court similarly found Plaintiff failed to allege facts supporting his Eighth Amendment claim, such as the nature of his illness or actions taken by Defendants regarding the alleged denial of medical care (Doc. 4 at 5). Finally, this Court found Plaintiff failed to allege facts supporting procedural or substantive due process violations (Doc. 4 at 6).

Plaintiff also filed a Motion to Proceed *in forma pauperis* (Doc. 2). This Court granted the Motion and issued an Order instructing ACI to deduct an initial filing fee from Plaintiff's prisoner account, followed by monthly deductions of a percentage of Plaintiff's income until the full filing fee had been paid (Doc. 3 at 1) ("IFP Order"). After this Court dismissed Plaintiff's Complaint, he paid the full $350 filing fee (Doc. 6-1 at 1).

Plaintiff next filed this pending Motion opposing dismissal (Doc. 6). The body of this Motion is a one-page Memorandum claiming: (1) Plaintiff is being denied the right to the Native American customs of communal prayer and Smudge, and (2) Defendants are forcing Plaintiff to choose between his religious beliefs and his right to medical attention (Doc. 6 at 2). Plaintiff then states "[a]fter review of the enclosed documents, this Honorable Court will see how each Defendant has denied Plaintiff his Constitutional Rights and violated their own Department Policies" (Doc. 6 at 2). The "enclosed documents" consist of sixty-two pages of attachments, including copies of Plaintiff's various letters, Requests for Religious Accommodation, Informal Complaint Resolutions, and other correspondence apparently relating to his First Amendment claims. Plaintiff also attaches

2

copies of various ODRC religious policies, as well as Section 2000cc of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1.

Plaintiff asks this Court to "review all enclosed documents" and vacate its Order dismissing the instant case.

## STANDARD OF REVIEW

This Court will liberally construe his *pro se* filing as a Motion to Alter or Amend pursuant to Federal Civil Rule 59(e).

Rule 59(e) allows district courts to alter, amend, or vacate a prior judgment. *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475; *see also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122.

**ANALYSIS**

Plaintiff has failed to satisfy any of the grounds set forth in Rule 59(e). Plaintiff has not identified a clear error of law or change in controlling law. In fact, Plaintiff does not discuss the law at all in his Motion or Memorandum in Support. Further, Plaintiff has not identified any "newly discovered evidence" supporting his claims. In order to constitute newly discovered evidence for purposes of Rule 59(e), the new evidence must have been previously unavailable. *GenCorp. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). The majority of the documents attached to Plaintiff's Motion are Religious Accommodation requests and correspondence authored by him. Plaintiff does not allege these documents (or the ODRC policies and copies of Section 2000cc of RLUIPA) were unavailable to him when he filed his Complaint.

Plaintiff has attached several Religious Accommodation requests dated after the filing of his Complaint (Doc. 6-1 at 26–30). Plaintiff generated this new documentation and cannot now present this documentation as "newly discovered evidence" of his claims.

Moreover, Plaintiff has failed to demonstrate a manifest injustice. The Memorandum in Support of Plaintiff's Motion suffers from the same pleading deficiencies as the Complaint. Plaintiff fails to allege specific facts regarding the nature of his claims or the manner in which the named Defendants have "forced him to choose" between exercising his religious beliefs and obtaining medical care.

Plaintiff believes it is sufficient to simply attach documents to his Motion and ask this Court to sift through them and decipher his claims. This Court declines to do so. While supporting documentation may be attached to and considered as part of a complaint, a plaintiff must nevertheless identify the specific claims he is bringing. The failure to do so places an unfair burden on defendants to speculate about the potential claims that plaintiff may be raising against them and

the defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Also, asking this Court to identify Plaintiff's claims through review of documentation attached to the Complaint would require this Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [] transform[ing] the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

This is the situation here, where it is unclear what claims Plaintiff intends to pursue. Plaintiff states generally he is being denied the right to communal prayer and the right to Smudge (Doc. 6 at 2). However, the Religious Accommodation requests and correspondence attached to Plaintiff's Motion raise a variety of different religious issues, including Plaintiff's requests to (1) wear a wrist band during medical transports; (2) wear a medicine bag during visits; (3) purchase SweetGrass soap for religious ceremonies; (4) purchase spirit stones with purifying oil; and (5) be provided with kosher meals (Doc. 6-1 at 19–20, 27, 29). Without clarification of the specific claims he intends to bring, Defendants are left to speculate regarding the nature and extent of Plaintiff's action.

## CONCLUSION

Plaintiff's Motion is denied. In addition, the Court orders the Clerk's Office to rescind the collection of funds from his prison trust account because Plaintiff has already paid the filing fee in full.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

March 21, 2012